```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
```

SHANNON JONES,

        Petitioner,

**DECISION AND ORDER**
**No. 10-CV-00695(MAT)**

  -vs-

PATRICK FLYNN

        Respondent.
_____

**I.  Introduction**

*Pro se* Petitioner Shannon Jones ("Petitioner") has filed a timely petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the constitutionality of his custody pursuant to a judgment entered February 7, 2008, in New York State, County Court, Wayne County, convicting him, after a jury trial, of two counts of Criminal Contempt in the First Degree (N.Y. Penal Law ("Penal Law") § 215.51(c)). For the reasons stated below, habeas relief is denied and the petition is dismissed.

**II.  Factual Background and Procedural History**

In the early evening hours of June 3, 2007, Village of Newark Police Officer Robert Dwello received a radio report regarding a fight in a nearby parking lot. The report provided a description of a car and a partial description of its license plate. Officer Dwello drove around the corner, saw a car and license plate matching the description, and then pulled the car over approximately 300 feet from the parking lot. Officer Dwello was

joined by another officer who had responded to the 911 call. Hearing Mins. [H.M.] 3-4, 8, 12, 16-17.[1] Petitioner was sitting in the front passenger seat. Daniel Grassadonia ("Grassadonia") was driving, and there were three other passengers in the car. H.M. 5-6, 17-18.

After Officer Dwello approached the car, he recognized Petitioner, whom he had seen at least twice before and knew by two different names.[2]  H.M. 10.  Officer Dwello asked Petitioner for his name and date of birth, and informed Petitioner that he could be subject to arrest if he gave incorrect information.  When Officer Dwello checked a computer in the police car to see if Petitioner or anyone else in the car had any outstanding warrants, he learned that there was an order of protection in place affecting Petitioner and Grassadonia. H.M. 7-9, 11.

Officer Dwello placed Petitioner in temporary custody in the back seat of the police car but released him when they were unable to confirm the existence of the order of protection. H.M. 8-9, 20. Later, the police determined that Petitioner had given the wrong date of birth and that there were two orders of protection in place

---

[1] The hearing minutes are from the combined Dunaway/Huntley hearing conducted on October 30, 2007. The purpose of a pre-trial hearing pursuant to Dunaway v. New York, 442 U.S. 200 (1979), to determine whether probable cause existed for Petitioner's arrest.  A Huntley hearing is conducted by a court prior to trial to resolve the issue of admissibility of a defendant's confession or admission. See People v. Huntley, 15 N.Y.2d 72 (1965)

[2] Officer Dwello testified that he knew Petitioner by the names of Shannon Jones and Donte Williams.  H.M. 10.

that required Petitioner to stay away from Grassadonia.  Petitioner was arrested and charged with two counts of Criminal Contempt in the First Degree (Penal Law § 215.51(c)), for violating two orders of protection, and with False Personation (Penal Law § 190.23) for giving the wrong date of birth to the arresting officer.  H.M. 9, 12-14, 20-22.

Petitioner's jury trial commenced on December 3, 2007, and on December 5, 2007, the jury convicted Petitioner of two counts of first degree criminal contempt.  T.T. 265-266.[3]  On February 7, 2008, Petitioner was sentenced, as a second felony offender, to concurrent prison terms of two to four years.  Sentencing Mins. [S.M.] 4-5.

On June 5, 2009, the Appellate Division, Fourth Department unanimously affirmed the judgment of conviction.  People v. Jones, 63 A.D.3d 1643 (4th Dep't), lv. denied, 13 N.Y.3d 746 (2009).

In his habeas petition, Petitioner raises one ground for relief–that his conviction was obtained by the use of evidence gained pursuant to an unreasonable search and seizure in violation of the Fourth Amendment.  See Pet. ¶ 22A.  As discussed below, habeas review of this claim is precluded by the doctrine set forth in Stone v. Powell, 428 U.S. 465, 481-82 (1976).

---

[3] Petitioner's mother, Carolyn Tucker ("Tucker"), testified that Petitioner's date of birth was May 2, 1984, as Petitioner had told Officer Dwello.  Tucker read this date from Petitioner's birth certificate.  T.T. 219. Based on this testimony, following the close of evidence, the trial court dismissed the false personation charge.  T.T. 223.

**III. Analysis of the Petition**

It is well-settled that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim," federal habeas corpus relief will not lie for a claim that evidence recovered through an illegal search or seizure was introduced at trial. Stone, 428 U.S. at 482. The Second Circuit has interpreted Stone to require that the State provide a defendant the opportunity to litigate a Fourth Amendment claim. McPhail v. Warden, Attica Corr. Fac., 707 F.2d 67, 69-70 (2d Cir. 1983). The Second Circuit has suggested that habeas review of a Fourth Amendment claim would be possible if a petitioner demonstrated either that the state failed to provide any "corrective procedures" by which Fourth Amendment claims could be litigated, or that the State had such procedures in place, but that the petitioner was unable to avail himself of those procedures "because of an unconscionable breakdown in the underlying process." Capellan v. Riley, 975 F.2d 67, 70 (2d Cir. 1992).

Petitioner cannot and does not argue that New York failed to provide him with "corrective procedures." Federal courts in this Circuit have approved New York's procedure for litigating Fourth Amendment claims embodied in New York's Criminal Procedure Law. Id. at 70 n.1 (quoting Holmes v. Scully, 706 F. Supp. 195, 201 (E.D.N.Y. 1989)). Here, Petitioner took advantage of these procedures and litigated his Fourth Amendment claim at a pre-trial

hearing. The record reflects that, on October 30, 2007, the trial court held a combined <u>Dunaway</u>/<u>Huntley</u> hearing on Petitioner's Fourth Amendment challenge to the vehicle stop and denied the motion in a summary order.  Petitioner then sought review of his Fourth Amendment claim on direct appeal.

The Appellate Division reviewed this claim on the merits, concluding that the trial court erred in refusing to suppress Petitioner's statement concerning an allegedly false birth date. <u>People v. Jones</u>, 63 A.D.3d at 1644. In particular, the Appellate Division concluded that Officer Dwello failed to provide "some articulable basis" for the vehicle stop inasmuch as he did not testify that he had a "reasonable suspicion" that the driver or the vehicle's occupants had committed, were committing, or were about to commit a crime or traffic violation. <u>Id.</u> (citations omitted). The Appellate Division determined, however, that this error was harmless because the provision of a false birth date was material, non-cumulative evidence only with regard to the false personation charge, which the trial court dismissed.  The statement concerning the allegedly false birth date was merely cumulative with respect to the criminal contempt counts and thus did not affect the jury's verdict as to them. <u>Id.</u> (citations omitted).

Thus, state corrective process was not only available but was employed by Petitioner to litigate his Fourth Amendment claims. As a result, the claim cannot support a petition for a writ of habeas

corpus. See, e.g., Gandarilla v. Artuz, 322 F.3d 182, 185 (2d Cir. 2003) ("[T]he merits of a Fourth Amendment challenge are not reviewable in a federal habeas proceeding if a defendant has had a fair opportunity to litigate that question in State court . . . .").

Furthermore, Petitioner has not alleged that an "unconscionable breakdown[,]" Capellan, 975 F.2d at 70, occurred in the corrective process, and no such breakdown is discernable on the record before this Court. Petitioner's mere disagreement with the state courts' suppression rulings does not constitute an "unconscionable breakdown" in the corrective procedures available for litigating Fourth Amendment claims. See, e.g., Smith v. Senkowski, No. 97 CV 1280, 1999 WL 138903 at *6 (E.D.N.Y. Mar.10, 1999) ("A federal court is not permitted to judge the merits of the state court's decision. The Court need only find that the State's procedure for resolving Fourth Amendment claims is 'facially adequate' and that no 'unconscionable breakdown' of the process occurred in the petitioner's case. . . ."). Accordingly, Petitioner has not demonstrated entitlement to any further review of his Fourth Amendment claim.

## IV. Conclusion

For the reasons stated above, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. No. 1) is denied, and the petition is dismissed. Because Petitioner has failed to

make "a substantial showing of a denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability. See, e.g., Lucidore v. New York State Div. of Parole, 209 F.3d 107, 111-113 (2d Cir. 2000). The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. Coppedge v. United States, 369 U.S. 438 (1962).

Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED.**

S/Michael A. Telesca

---

HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:    November 2, 2011
          Rochester, New York